IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIDRO HERNANDEZ,

      Plaintiff,

   v.

GOV. EDMUND G. BROWN, JR., et al.,

      Defendants.

Case No.: C 13-5870 CW (PR)

ORDER OF DISMISSAL

    Plaintiff Isidro Hernandez, a state prisoner incarcerated at the Correctional Training Facility (CTF) in Soledad, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's motion to proceed in forma pauperis is granted in a separate order.

    For the reasons discussed below, the complaint is DISMISSED.

DISCUSSION

I.   Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
For the Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

II.  Plaintiff's Claims

Plaintiff alleges that the entire California prison system is severely overcrowded as demonstrated by the favorable decision in the class action, Brown v. Plata, 131 S.Ct. 1910, 1932 (2011) (addressing prison overcrowding as causing inadequate medical and mental health treatment and creating violent, unsanitary and chaotic conditions).  Plaintiff seeks damages in the amount of one hundred million dollars, to be released from prison and the destruction of his criminal record.  In his complaint, Plaintiff provides no specific allegations regarding how the overcrowding has adversely affected him.  Instead, he discusses the history of several prison cases describing general negative conditions from over-crowding and concludes that he is entitled to the relief he requests.  Named as defendants are the governor, the director of the California Department of Corrections and Rehabilitation and the state court judge who sentenced Plaintiff to prison.

In an attached declaration, Plaintiff states that, when he was incarcerated in prisons located in the Southern and Eastern Districts of California, he experienced the following conditions due to overcrowding: (1) he was housed with gang members who

**United States District Court**
For the Northern District of California

verbally and physically assaulted him; (2) inmates caused frequent riots which resulted in extended lock-downs; (3) the facilities were filthy; (4) the food was of a low quality and low quantity; (5) due to filthy showers, Plaintiff contracted a fungus infection on his right foot that persists to this day; (6) Plaintiff experienced loss of eyesight; (7) Plaintiff's physical health deteriorated; (8) Plaintiff fell from the top bunk which resulted in a broken right ankle and a left knee that would constantly swell with pain; (9) Plaintiff had to wait so long to see an orthopedist that his broken ankle healed improperly and then it was too late to fix it; (10) Plaintiff had knee surgery but, due to the poor surgery, the pain and the swelling in his knee returned after ninety days; and (11) the orthoscopic surgery on his knee was repeated in August, 2012, but it made no difference and Plaintiff still suffers from pain and swelling in his knee.

To the extent Plaintiff may be seeking equitable and injunctive relief involving the same events and claims being litigated in the above class action, his claims fail. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) (to allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications). Individual members of the class, like Plaintiff, "may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by

United States District Court
For the Northern District of California

intervention in the class action." Id.  For these reasons,
dismissal of the claims for equitable and injunctive relief is
appropriate because this type of relief can be granted only in the
class actions.  See Spears v. Johnson, 859 F.2d 853, 855 (11th
Cir. 1988), vacated in part on other grounds, 876 F.2d 1485 (11th
Cir. 1989); Gillespie, 858 F.2d at 1102.  These claims are
dismissed without leave to amend because amendment would be
futile.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
(courts not required to grant leave to amend if complaint lacks
merit entirely); Doe v. United States, 58 F.3d 494, 497 (9th Cir.
1995) (leave to amend not required if pleading cannot be cured by
allegation of other facts).

Regarding Plaintiff's claims for money damages, allegations
of overcrowding alone are insufficient to state a claim under the
Eighth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 348 (1981);
Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir.
1989).  A claim is cognizable, however, where it is alleged that
overcrowding has caused an increase in violence, has reduced the
provision of other constitutionally required services, or has
reached a level where the institution is no longer fit for human
habitation.  See id. at 471.  As discussed above, in his
declaration, Plaintiff alleges specific injuries which involve
violence and the reduction of constitutionally required services.
However, these injuries occurred in the Southern and Eastern
Districts of California.  Thus, the proper venues for claims based
on these injuries lie in the Southern and Eastern Districts, not
in this district.  See 28 U.S.C. § 1391(b) (venue lies in district
where defendants reside or where a substantial part of the events
giving rise to the claim occurred).  The claims for money damages

based on Plaintiff's specific injuries are dismissed without prejudice to filing separate complaints in the Southern and Eastern Districts against the individuals who caused the alleged injuries.

CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED. The claims for equitable and injunctive relief are dismissed with prejudice; claims for specific injuries occurring while Plaintiff was housed in the Southern and Eastern Districts are dismissed without prejudice to filing separate complaints in those districts. The Clerk of the Court shall issue a separate judgment and close the case.

IT IS SO ORDERED.

Dated: 4/4/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California